FRANCISCO CARRILLO PACHECO, Plaintiff and Appellant, *v.* INSULAR BOARD OF ELECTIONS, composed of Charles H. Terry, Chairman, Frank Martínez, Bolívar Pagán and Leopoldo Figueroa, Defendant and Appellee; and Francisco Porrata Doria, Intervener and Appellee.

No. 7616. Argued December 8, 1938.—Decided June 8, 1939.

*Dubón & Ochoteco,* for appellant; *B. Fernández García, Attorney General* and *E. Campos del Toro, Assistant Attorney General,* for the Board, appellee; *Bolívar Pagán* for the intervener appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Francisco Carrillo Pacheco justifying his suit on the sole ground that he was a qualified elector and voter in the preceding election attacked by this action of certiorari the election of Francisco Porrata Doria as Mayor of Guayama. One of the judges of the District Court of San Juan, where the petition was presented, ordered the issue of a certiorari. Subsequently the petitioner asked leave to amend. The Insular Board of Elections appeared, opposed the amendment and asked that the writ of certiorari be annulled. The District Court of San Juan in bank decided both questions in favor of the Insular Board of Elections.

The original complaint, expressed somewhat briefly, narrated that in the elections which took place on November 3, 1936, Francisco Porrata Doria was a candidate of the Coalition (*Coalición*) for Mayor of Guayama and Enrique J. Anglade was the candidate of the Liberal Party; that the Superintendent of Elections published the fact that as a result of the elections the Coalition had a small majority (less in number than 32); that of the number of persons who had voted in that election 17 did not appear in the election list with a right to vote; that 1 had been convicted of a felony and that 3 were minors and 11 were not American citizens. Petitioner asked that the election board should cancel these 32 votes.

On appeal the following are the assignments of error:

"*First Error.*—It was error for the District Court for the Judicial District of San Juan, Puerto Rico, to hold that petitioner and appellant was not entitled to file the present petition in certiorari.

48

*"Second Error.*—It was error for the District Court for the Judicial District of San Juan, Puerto Rico, to dismiss the Amended Petition filed on February 10, 1937.

*"Third Error.*—It was error for the District Court for the Judicial District of San Juan, Puerto Rico, to hold that the original Petition in the above entitled case fails to state facts constituting a cause of action.

*"Fourth Error.*—And lastly, it was error for the District Court for the Judicial District of San Juan, Puerto Rico, to quash the Writ of Certiorari issued and consequently to dismiss the present Certiorari Petition.''

 The District Court of San Juan, among other things, held that Francisco Carrillo Pacheco was not a candidate for any office and had no interest in the elections other than that as a citizen and hence was not entitled to file the petition in certiorari.

Independently of this, we are of the opinion that this judgment should be affirmed because the facts and questions involved in the present proceeding do not fall within the provision of law relied upon by appellant, namely, Section 89 of the Certiorari Act, in election cases. Act No. 79 of 1919 (page 530), as amended by Act No. 1 of 1924 (Special Session Laws, p. 2).

Section 89 of the said Act reads as follows:

"The Insular Board of Elections shall canvass the returns of an election by using such poll lists and tally sheets used at such election as may be sent to the General Supervisor of Elections by local election boards as such returns, as follows:

"The said board shall begin the said canvass with the returns from polling place No. 1, of the first precinct of the First Representative District and shall continue the same in the order of the numbers of representative districts until the returns of all polling places of each such district have been canvassed, unless it shall previously unanimously agree to some other order.

"On taking up the returns of each polling place for canvassing the same, the said board shall first examine all protested ballots shown by the tally sheet of such polling place to pertain to the same and shall count or reject such ballots as in its judgment the law may

require; and in order to carry out this provision and requirement the said board may open and examine the contents of any envelope or package relating to the election in such polling place, and shall then return all such contents to the envelope or package in which they were found, re-seal the said envelope or package, and place a brief statement on the same, signed by all members of· the board present, showing why such envelopes or packages were opened and what ballots or documents were found in the same. The said board shall then add to the total vote cast and counted for each candidate in a polling place, as shown by its tally sheet, the total number of protested votes counted for each such candidate by it. Such added totals shall be taken as the actual total vote of each candidate voted for in each polling place, and such actual vote of each candidate in all polling places in which he was voted for at an election shall be taken as the total of all votes received by him at the election to which the same relates; *Provided,* That the Insular Board of Elections shall correct all arithmetical errors found by it in a tally sheet and count said tally sheet as so corrected; *Provided, further,* That the Insular Board of Elections shall, on the request of any member of the said board, count the number of persons who voted in a polling place as shown by its poll lists and change the entry on its tally sheet in that matter to agree with the result of such count; *Provided, further,* That if there is any contradiction shown by the entries on a tally sheet (either as the same was returned by its poll board or as it may have been corrected by the Insular Board of Elections) between the number of persons who voted as shown by the poll lists and the number of ballots found in˙ the ballot box of the polling place to which such tally sheet pertains, or between the number of ballots found in the ballot box and the number of ballots disposed of as shown in its summary, the Insular Board of Elections shall, if such difference is sufficient in itself or when combined with another such difference relating to the vote for the same candidate, to affect his election, recount all ballots of such polling place, correct its tally sheet according to the result of such recount, and adopt such corrected tally sheet as the official tally sheet of such polling place; *Provided, however,* That the Insular Board of Elections shall endorse on such tally sheet a statement signed by all its members present showing the changes so made by it and the reasons why such changes were made; *And provided, further,* That the result of the canvass of an election as declared by the Insular Board of Elections and published by the General ·Supervisor of˳ Elections

shall be final, unless the same shall be contested by a certiorari or other authorized legal proceeding, filed within fifteen days from the date of the publication of the result of such canvass, in a court of competent jurisdiction, and a certiorari proceeding in the District Court of San Juan is hereby authorized in such cases; *And provided, further,* That the Insular Board of Elections shall replace the contents of all envelopes and packages opened by it for the purpose of counting and recounting ballots in the same envelope or package in which they are found, shall re-seal such envelope or package, and shall place on the same a written statement signed by all members of the board present stating why such envelope or package was opened by it and that all contents found in such envelope or package were replaced in the same.''

The idea of the appellant appeared to be that before 1931 there was no general Election Law which could cover the facts of the present case and therefore recourse would have to be had to the Act of 1919 as amended in 1924, containing Section 89 *supra.*

The Act of 1931 (No. 72, p. 448) similar to the Act of 1906 said:

''Section 17.—This Act shall not affect such election suits, quo warranto or certiorari proceedings, and other election contests as may be authorized under existing laws.''

We are of the opinion that Section 89 only includes matters which actually happen before the Board of Elections and that the certiorari mentioned towards the end of Section 89 did not cover the challenges that were made in the present case. No provision is contained in Section 89 which permits an attack on the sufficiency of the election. That Section 89 did not cover a proceeding like the present appeared from our decisions in *Diez de Andino* v. *Insular Board of Elections,* 35 P.R.R. 92; *Roca* v. *Board of Elections,* 35 P.R.R. 587, and perhaps from other cases cited by the court below.

Even if before 1931 the certiorari mentioned in Section 89 could doubtfully have availed the appellant, we think the intention of the Legislature was plain to make the new Act

of 1931 embrace the cases of contested elections and to exclude Section 89. Act No. 72 of 1931 covers every detail of attacking an election and it is the exclusive remedy.

The judgment of the District Court of San Juan should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case.